STEWART, d. b. a. BUD'S CAFE, Appellant-Appellant, v. BOARD OF LIQUOR CONTROL et, Appellees-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 6256.   Decided March 29, 1960.

Donald H. Swain, John A. Wiethe, Cincinnati, for appellant-appellant.
Mark McElroy, Atty. Genl., John A. Hoskins, Asst. Atty. Genl., Columbus, for appellees-appellees.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

## OPINION
By DUFFY, J.

The permit holder is appealing the fourteen day suspension of his liquor license which was imposed by the Board of Liquor Control and affirmed by the Court of Common Pleas of Franklin County. The only assignment of error is that "The Department did not establish, by reliable and probative evidence, that a sale of intoxicating liquor was made on a Sunday in violation of law."

A review of the proceedings before the Board of Liquor Control indicates that there was evidence presented on the part of the State that two inspectors of the Liquor Department did purchase two shots of

whiskey each in the permit holder's place of business on a Sunday afternoon. While it is true that the defense was that the liquor inspectors were intoxicated and never purchased anything other than beer in the establishment that Sunday, there was a question of fact presented and the Board decided in favor of the State, and the same conclusion was reached by the Judge of the Court of Common Pleas in affirming the action of the Board.

The permit holder also asks this Court to consider the correctness of the ruling of the Board of Liquor Control on their objection to the admission of Exhibit A, a specimen bottle into which whiskey had been placed by the inspectors, and in regard to which the chemist for the Department of Liquor Control testified. Since no chain of custody was established and in the absence of some evidence showing a chain of custody from the inspectors to the chemist, we feel that the evidence was improperly admitted by the Board of Liquor Control, but there was still evidence of the purchase of the whiskey on Sunday by the inspectors upon which the Board could base its decisions, and for that reason the judgment of the Court of Common Pleas is affirmed.

BRYANT, PJ, McLAUGHLIN, J, concur.